ALBANY,
Oct. 1827.

Hatch
v.
Adams.

[*35]

---

HATCH *against* ADAMS and others.

Where a contract was to pay different sums for work and labor, accordingly as the laborer should board himself or be boarded by his employers; and he worked at the less sum, being boarded; *held,* that in declaring specially upon this contract, he must state it in the alternative; and could not declare and recover upon it as a contract simply to pay the lesser sum.

ON error from the C. P. of Jefferson. The action in the court below was assumpsit by Hatch against Adams and others. He declared in two special counts: one on a contract by the defendants to hire him one year at $8 per week, he boarding himself; the other at $6 50, he being boarded: each count averring performance. The declaration also contained the common count for work and labor.

On the trial, the plaintiff, in support of the special counts, proved by letters passing between the parties, that the contract of the defendants was in the alternative, to pay the plaintiff the $8 if he boarded himself, or the $6 50 if he was boarded; and showed that he worked accordingly, being boarded. A motion was made to non-suit him for variance between the proof and the declaration, which was granted; and he took his bill of exceptions. It did not appear by this bill that he insisted on the general count at the trial.

His declaration contained special and general counts in assumpsit; and his proof was offered and received under the former, from which it varied; but would support the common count; and he was non-suited for the variance; held well, because he did not insist on the common count, at the trial.

*G. C. Sherman,* for the plaintiff in error.

*H. Emerson,* contra.

*\*Curia, per* SUTHERLAND, J.    The contract should have [\*36] been declared on as an alternative one in a single count, the plaintiff averring his election to have boarded himself or to have been boarded.  (1 Chit. Pl. 302 ; 2 East, 2 ; 2 B. & P. 119, note a; 3 T. R. 531; 8 East, 8 ; 18 John. 455.)

But the plaintiff contends the evidence entitled him to recover under the common count.  It is a sufficient answer, to say that his evidence was offered under the special counts, as the bill of exceptions states.  He did not claim on the trial that it applied to the common count.  It was impliedly admitted by him, that if there was a fatal variance. he ought to be non-suited.

Judgment affirmed.