RUTLEDGE & FARRAR vs. JOHN P. MOORE.

1. An acknowledgment of a debt, though it consist of a single item, will sustain a count upon an account stated. But the acknowledgment must be of a sum certain, and absolute and unconditional, not contingent or qualified.

2. Where a wood boat had been sunk by the mismanagement of the captain of a steam boat, a promise to replace it with another, or the failing so to do to pay one hundred and fifty dollars, will not sustain a count upon an account stated.

ERROR to St. Louis Court of Common Pleas.

LEONARD & BAY, for Plaintiff in Error.

POINTS AND AUTHORITIES.

1. The promise of the defendant to pay the money for the wood boat, if he should fail to replace it, was proper evidence under the count for an account stated.

If a fixed and certain sum is admitted to be due to a plaintiff, for which an action would lie, it will be evidence to support a count upon an account stated; 1 Chitty's P. 391.

2. Where a party admits that there is something due by him to another, and promises to pay the amount due, assumpsit will generally lie, although the subject matter of the demand is founded in *tort;* Chitty on Contracts, 18, 19, 20; 1 Chitty's P. 113, 14.

3. The instruction of the court took the whole case from the jury. It was the duty of the court to declare to the jury the law arising on the evidence, and not to direct them to find a verdict for the defendant. Instructions of this character have a tendency to confound the law and the facts; besides the instructions took away the right of the jury to decide upon the facts; Morton vs. Reed, 6 Mo. Rep. 73; Glasgow & Harrison vs. Copeland, 8 Mo. Rep. 268.

J. B. WALKER, for Defendant in error.

POINTS.

1. The defendant contends that there was no error in the decision of the court excluding the testimony contained in the depositions, because no part thereof sustained or tended to sustain any cause of action set forth in the declaration; therefore it was properly excluded.

2. There was no error in the instruction given by the court to the jury

after having excluded the said testimony, because there was no other evidence in the cause tending to support any cause of action contained in the declaration, and the jury being obliged to receive the law from the court, could not have found otherwise.

There was no error in the refusal of the court to set aside the verdict or grant a new trial, because the verdict was according to law and evidence.

SCOTT, J., delivered the opinion of the court.

This was an action of assumpsit: the declaration contains only the common counts.

On the trial the plaintiff proved that the defendant, Moore, was the master of a steam boat called the Eclipse, which ran in the Mississippi, and was registered at St. Louis. The plaintiffs also read to the court the depositions of several witnesses, the object of which was to show that some time in the year 1842 a flat boat, belonging to the plaintiffs, having been attached to the steam boat Eclipse with a load of wood, was, through the mismanagement of the defendant sunk and lost in the Mississippi river. The depositions further proved, that shortly after this occurrence the plaintiffs called on the defendant, and asked him if he intended to pay them for the wood boat, to which Capt. Moore replied, by enquiring how much said wood boat was worth. The plaintiffs replying that the boat was worth one hundred and fifty dollars. Capt. Moore said he thought it was high, but that he would procure a wood boat and with it replace the one that was lost; if he failed to do this on his dowdward trip he would bring up one on his next trip from New Orleans; and if he failed to do this, he would then pay the money for the wood boat.

This being all the evidence, the defendant moved for its exclusion on the ground of irrelevancy; which motion the court sustained. The plaintiff refusing to take a non-suit, the court thereupon directed a verdict for the defendant. A motion for a new trial was made and overruled, and exceptions were taken to all the opinions of the court.

The only count to which the testimony contained in the depositions could have had any application, was that upon an account stated.

An acknowledgment of a debt, though it consists but of a single item, will support a count upon an account stated; Knowles vs. Mitchell, 13 East, 249; Highmore vs. Primrose, 5 Maule & Selw 65. But the admission must be of a sum certain, and it must be absolute and unqualified, not contingent or alternative; 1 Leigh. N. P. 99; Evans vs. Verity,

Ryan & Moody, 239. Allowing the answer of the defendant, when informed by plaintiffs of the price of the boat, to be an admission that the boat was worth one hundred and fifty dollars, still the promise to pay that amount, if there was such a promise, was contingent upon the defendant's failure to replace a similar boat; either on his downward or upward trip. Such a promise, if it had been declared on specially, could not have been averred as a simple, unconditional promise, but must have been stated in the alternative; Hatch vs. Adams, 8 Cow. Rep. 35. Moreover, there was no evidence whatever that the defendant had not complied with his agreement in replacing the boat.

The testimony, therefore, was properly excluded; and having been so excluded, and there being no other evidence, the court properly directed a verdict for the defendant.

Judgment affirmed.